# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL TROY MOORE, | Case No.: 2:19-cv-00661-APG-BNW |
| Plaintiff | **Order Denying Motions for Entry of Default and Motion for Additional and Immediate Relief** |
| v. | |
| CAROLYN G. GOODMAN, et al., | [ECF Nos. 4, 5, 6] |
| Defendants | |

Plaintiff Troy Moore filed two motions for entry of default. ECF Nos. 4, 5. Moore states in his motions that defendant Brian Scott was served during a city council meeting. ECF Nos. 4 at 3; 5 at 3. However, Moore does not present evidence that Scott was served, and his unsupported statement in his motion is not proper proof of service as to Scott or as to any of the other defendants. Fed. R. Civ. P. 4(l)(1). Additionally, no summons has been issued in this case. Thus, Moore could not have served Scott with a copy of the complaint and a summons as required under Federal Rule of Civil Procedure 4(c).

Moore also filed a motion for additional and immediate relief in which he requests that I enjoin enforcement of a recent ordinance passed by the Las Vegas City Council. ECF No. 6. To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Moore has not shown a likelihood of success on the merits of the claims he asserts in his complaint. Nor has he shown a likelihood of irreparable harm. Moore surmises that as a result of the ordinance, homeless persons may leave Las Vegas and that he has strong support among homeless persons who would vote for him in another election if they remained in the city. But he has presented no evidence to support these propositions. His request for relief also rests on the unsupported assumptions that he either would have won in the original election (and thus his vote would have changed the result on the ordinance's passage) or he would win in a new election (and presumably would then seek to repeal the ordinance). Finally, he does not address the balance of hardships or whether this court enjoining the ordinance is in the public interest.

Additionally, preliminary injunctive relief is appropriate where "the intermediate relief [is] of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). But a court cannot issue an injunction that "deals with a matter lying wholly outside the issues in the suit." *Id.* Moore requests relief that is outside the claims he asserts in his complaint because his complaint does not have any claims related to the ordinance, which was enacted months after he filed his complaint.

I THEREFORE ORDER that plaintiff Troy Moore's motions for entry of default **(ECF Nos. 4, 5) are DENIED**.

I FURTHER ORDER that plaintiff Troy Moore's motion for additional and immediate relief **(ECF No. 6) is DENIED**.

DATED this 14th day of November, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE