# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Michael Troy Moore, | Case No. 2:19-cv-00661-APG-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Carolyn G. Goodman, et al., | |
| Defendants. | |

Pro se plaintiff Michael Troy Moore filed documents initiating this case on April 16, 2019. (ECF No. 1.) Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the court will grant his request to proceed *in forma pauperis*. The court now screens Plaintiff's complaint.

**I.     ANALYSIS**

**A.  Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the Complaint**

Plaintiff sues several defendants. Between the caption of his complaint and the pro se complaint form he used, it is not entirely clear exactly which defendants he intends to sue, but it appears defendants may include the City of Las Vegas, Mayor Carolyn G. Goodman, Assistant City Attorney Brian Scott, City Clerk Luann D. Holmes, Clark County Registrar of Voters, and Joe P. Gloria. (ECF No. 1-1.)

In Plaintiff's initial statement of his claim, he alleges that defendants violated Plaintiff's right to run for mayor. (*Id.* at 4.) He alleges that he signed up to run for mayor, but at the last second, his name was removed from the city's website and the ballot. (*Id.*) Plaintiff alleges that in doing this, the City violated his rights under First, Fourth, Fifth, Sixth, Eighth, Thirteenth, Fourteenth, Fifteenth, and Twenty-First Amendments to the Constitution. (*Id.* at 3.)

Later in his complaint, Plaintiff provides additional information under headings labeled with each amendment. For example, under the First Amendment, Plaintiff writes that Defendants

> did prohibit, restrain and censor free speech, peaceful assembly and petition the City of Las Vegas with a redress of grievances. Plaintiff's 1st Amendment rights with their actions in this complaint. This was furthered by the defendants placing the Plaintiff under duress to sign documents that no other candidate was asked to sign or face or have his name removed from the ballot and the voters were deprived of the Plaintiff as a choice for office of the Mayor of the City of Las Vegas.

(*Id.* at 6.) Under the Fourth Amendment, Plaintiff writes that Defendants violated his rights by forcing him to sign outdated paperwork. (*Id.*) Under the Sixth Amendment, Plaintiff alleges that Defendants did not allow him to have a speedy trial, to be informed of the nature of the accusations against him, to cross examine his accusers, etc. (*Id.* at 7.) Under the Thirteenth Amendment, Plaintiff alleges that Defendants "engage against the Plaintiff[,] making submitting [sic] him to a form of Peonage and Indentured Servitude." (*Id.* at 8.) Plaintiff further writes that when on Fremont Street, "Plaintiff is forced by the defendants to stand within a 6 foot circle and does not allow the Plaintiff to communicate with the public outside of a circle." (*Id.*) Under the Fifteenth Amendment, Plaintiff writes that Defendants denied Plaintiff the right to vote by not issuing him an election card until the day of the 2019 election. (*Id.* at 11.) Under the Twenty First Amendment, Plaintiff writes that Defendants deprived him of the right to use liquor while on Freemont Street. (*Id.*)

Among other things, Plaintiff seeks to have the election results of 2019 set aside, Plaintiff's name placed on the ballot, and the election re-run. (*Id.*) Plaintiff would also like to have the election include the unincorporated areas of Las Vegas, a public apology from the City of Las Vegas, compensation equal to the Mayor's salary for four years, plus benefits, and punitive damages. (*Id.* at 5.)

Even liberally construing Plaintiff's complaint, the Court is unable to determine exactly what claims Plaintiff is attempting to allege against which defendants and cannot evaluate whether Plaintiff states any claims for relief. Accordingly, the Court will dismiss Plaintiff's complaint without prejudice and with leave to amend.

**C. Instructions for Amendment**

Plaintiff is advised that all defendants must be identified in the caption of the pleading and that he must specify which claims he is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims he is alleging against each defendant. Specifically, he must allege facts showing how each named defendant is involved and the approximate dates of their involvement.

Plaintiff is also advised that if he chooses to file an amended complaint, the original complaint no longer serves any function in this case. As such, if he files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make his amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

### D. Plaintiff's Motion to Move Forward with His Complaint

Plaintiff filed a motion asking the Court to move forward with the complaint and declare that the defendants had been served. (ECF No. 10.) Because the Court is dismissing Plaintiff's complaint with leave to amend, the Court will deny this motion.

## II. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

IT IS ORDERED that Plaintiff's complaint be dismissed with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's motion for the Court to move forward with the complaint (ECF No. 10) is DENIED.

DATED: September 10, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE