# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Michael Troy Moore, | Case No. 2:19-cv-00661-APG-BNW |
| Plaintiff, | |
| v. | **Order** |
| Carolyn G. Goodman, et al., | |
| Defendants. | |

Before the Court is a document that plaintiff titled "claim for damages." ECF No. 27. In it, plaintiff acknowledges that the Court previously asked him to amend his complaint, but he explains that "it is not clear as to why or what." *Id.* Therefore, the Court shall give a brief recitation of the procedural history of this case, it will explain why plaintiff's complaint must be amended, it will address other concerns that plaintiff has raised in his "claim for damages," and it will impose a June 18, 2021 deadline for an amended pleading. Failure to file an amended complaint by this deadline will result in a recommendation to the district judge that this case be closed.

This Court screened Plaintiff's complaint on September 10, 2020. ECF No. 11. In its screening order the Court held that it "[was] unable to determine exactly what claims Plaintiff is attempting to allege against which defendants and cannot evaluate whether plaintiff states any claims for relief." *Id.* at 3. Thus, the Court dismissed plaintiff's complaint with leave to amend. *Id.* In the same order, the Court instructed plaintiff that in his amended complaint he "must specify which claims he is alleging against which defendant," including allegations that speak to "how each named defendant is involved and the approximate dates of their involvement." *Id.* at 3–4. The Court's order did not include a deadline for an amended complaint.

On October 16, 2020, the Court issued an order setting an October 30, 2020 deadline for plaintiff's amended complaint. ECF No. 14. That deadline lapsed and plaintiff did not file an amended complaint. Instead, plaintiff filed a document informing the Court that he had a new address and that he never received a copy of the Court's screening order. ECF No. 16. Therefore, on November 3, 2020, the Court extended the deadline for an amended complaint to December 18, 2020, and it directed the Clerk of Court to send plaintiff the Court's screening order and several other filings. ECF No. 17.

Plaintiff missed the December 18 deadline, too. But on December 21, 2020, plaintiff filed a motion to extend the time "to correct the complaint" because he was experiencing homelessness. ECF No. 18 at 1. Plaintiff requested "a 90-day extension" to amend his complaint. *Id.* at 2. The Court granted plaintiff's motion and gave him until March 22, 2021, to file an amended complaint. ECF No. 19.

That deadline lapsed, and plaintiff again failed to file an amended complaint. Instead, plaintiff filed a "declaration of ongoing defendant retaliation and answer" to the Court's screening order. ECF No. 22. In this document, plaintiff offered, among other things, "clarification in support of original complaint," and he "decline[d] the Court's offer to amend his complaint as there is nothing wrong with [it]." *Id.* at 6. However, the Court informed plaintiff that "for this case to proceed, Mr. Moore must file an amended complaint, as his prior complaint has been dismissed." ECF No. 23. The Court stated that it would give plaintiff "one more opportunity to file an amended complaint," and gave him until April 16, 2021, to do so. *Id.*

The April 16 deadline lapsed, and plaintiff did not file an amended complaint. Plaintiff instead filed a "motion to return 'City of Las Vegas' to 1st position on list of defendants." ECF No. 25. In his motion, plaintiff wrote that he was "wondering why this case appears to be Stonewalled?" ECF No. 25 at 2. He also asks the Court for a copy of the Court's order at ECF No. 23 and "14–30 days to answer" that order. *Id.* at 1. Therefore, the Court set a May 7, 2021 deadline for an amended complaint, warned plaintiff that failure to meet this deadline would result in a recommendation to the district judge that this case be dismissed, and directed the clerk

of court to send plaintiff a copy of ECF No. 23 and a pro se complaint form for him to use for his amended complaint. ECF No. 26.

On April 16, 2021, Plaintiff filed a document entitled "Amended Complaint," but Plaintiff does not cure the deficiencies of his prior complaint. ECF No. 27. Plaintiff states that he does not understand why or what the court is asking him to amend, he complains that the City of Las Vegas has "vanished" from the court record as a defendant, he claims that he would like the City to be listed "as primary defendant," and he asks "for clarification of what needs to be amended." *Id*.

The Court explains as follows. First, the City of Las Vegas has not "vanished" from the court record. The record reflects that the City remains named as a defendant. Second, there is no such thing as a "primary" defendant on the record. The order of the defendants on the record has no bearing whatsoever on the merits of plaintiff's claims. Third, plaintiff **must** amend his complaint if he wishes for this case to move forward because—as the Court explained in its screening order—the Court is unable to determine "what claims plaintiff is attempting to allege against which defendants" or "whether plaintiff states any claims for relief." ECF No. 11 at 3. This is significant because a complaint violates Rule 8 if "one cannot determine . . . who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Plaintiff must specify which claims he is alleging against which defendants, and he must articulate the legal theories behind his claims. Further, the Court cannot accept plaintiff's piecemeal supplementation or explanations of the allegations in his complaint because an amended complaint must be complete in itself, without reference to prior pleadings. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original."). Notably, plaintiff has been warned three times now that failure to file an amended complaint would result in a recommendation to the district judge that the case be dismissed. ECF Nos. 26, 23, and 19.

1    IT IS THEREFORE ORDERED that if Plaintiff chooses to amend his complaint, he must do so by June 18, 2021. Failure to meet this deadline will result in a recommendation to the district judge that this case be dismissed.

IT IS FURTHER ORDERED that the Clerk of Court shall send plaintiff a copy of the Court's screening order (ECF No. 11) and a form complaint for a civil case.

DATED: May 19, 2021.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE